IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DALE E. BRYANT                                                                                              PLAINTIFF

v.                                              Civil No. 6:13-cv-06022

CORIZON, INC.; MR. PRATT;
and DR. GREGORY MCKINNEY                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Dale E. Bryant, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections Ouachita River Unit in Malvern, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants Motion for Summary Judgment. ECF No. 17. Plaintiff responded. ECF Nos. 22, 24, & 27. Defendants replied. ECF No. 30. Plaintiff responded to Defendants Reply. ECF No. 31. After careful consideration, I make the following Report and Recommendation.

**I.      BACKGROUND**

Plaintiff filed this case on February 21, 2013. During the time at issue in this case, Plaintiff was incarcerated at the Arkansas Department of Corrections, Ouachita River Correctional Unit ("ADC"). In his Complaint, Plaintiff claims Defendants Corizon, Inc., Mr. Pratt, and Dr. McKinny violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him

medical care, specifically prescription medication Nitroglycerine for 100 days and follow-up appointments with a specialist. Plaintiff alleges Defendants violated his constitutional rights in both their official and individual capacities.

Defendants filed the instant Motion for Summary Judgment on November 27, 2013 arguing all of Plaintiff's claims against Defendants should be dismissed for failure to properly exhaust them pursuant to the Prison Litigation Reform Act. Plaintiff responded arguing that he did exhaust his claims.[1]

## II.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v.*

---

[1] Because Defendants' Motion for Summary Judgment is based on exhaustion arguments the Court need not address the merits of Plaintiff claims at this stage. Instead, the Court will enumerated the pertinent grievance history provided on the summary judgment record and analyze the exhaustion arguments presented.

*ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   DISCUSSION

It is undisputed that Plaintiff filed four grievance related to the claims made in his Complaint: OR-12-01031 on July 19, 2012; OR-12-01213 on August 30, 2012; OR-12-01389 on October 22, 2012; and OR-13-00037 on January 15, 2013.  Plaintiff filed this case on February 21, 2013.

Further, the record clearly indicates the grievance policies and procedures at the ADC during the time in issue.  Administrative Directive 12-16 ("Directive 12-16") governed grievance procedures at the ADC during the time at issue here.  Directive 12-16 states in pertinent part:

> Inmates are required to attempt informal resolution of a problem/complaint prior to filing a grievance . . . On the Unit Level Grievance Form . . . the inmate should write a <u>brief statement</u> that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form.

Directive 12-16, IV., E., 2, ECF No. 19-1 (emphasis in original).

> After attempting to resolve their issue through Step One, informal resolution, an inmate can proceed to Step Two by filing a formal grievance on the *same* Unit Level Grievance Form . . . that was used for Step One . . . .

Directive 12-16, IV., F, ECF No. 19-1 (emphasis in original).

> After receiving a response from the . . . Health Service Administrator . . . if the inmate is not satisfied, he or she may appeal within five (5) working days to the appropriate Chief Deputy/Deputy/Assistant Director who will attempt to resolve the matter or assign an appropriate staff member to do so.

Directive 12-16, IV., G, ECF No. 19-1.

> The Chief Deputy/Deputy/assistant Director will respond in writing to the inmate

> concerning the decision [on his appeal] within thirty (30) working days . . . A written decision . . . at this level is the end of the grievance process.

Directive 12-16, IV., G., 6, ECF No. 19-1.

> Finally, Directive 12-16 advises inmates of the PLRA limitations:
>
> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately.

Directive 12-16, IV., N, ECF No. 19-1. Additionally, the Unit Level Grievance form also includes the following statement: "**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected." ECF No. 19-1 (emphasis in original).

A concise summary of the proper grievance procedure is also included in the record. According to the Declaration of Shelly Byers, ADC Medical Grievance Coordinator to Deputy Director Wendy Kelley, an inmate grievance should proceed as follows:

> Per policy, at the unit level, an inmate first files an Informal Resolution to resolve a problem. A problem solver investigates the complaint and provides a written response at the bottom of the form. If the inmate is not satisfied with the resolution, he may then complete "Step 2" of the grievance procedure and submit the form as a grievance. If an inmate files a grievance for a medical nature, that grievance is forwarded to the appropriate medical personnel for response. If the inmate is not satisfied with the medical response, or if he fails to receive a response, he may appeal to our office. Assuming the appeal follows policy, upon receiving an appeal, Ms. Kelley reviews the greivance along with any records necessary to respond. Her response is then provided to the inmate. **At that point, the grievance process is deemed exhausted.** If an appeal does not follow policy, it is rejected and rendered unexhausted.

Byers Declaration, ECF No. 19-1 (emphasis added).

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o

4

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

  A.  <u>OR-12-01031 and OR-13-00037</u>

  The record indicates Plaintiff filed Grievance OR-12-01031 on July 19, 2012 complaining that he was not taken to his follow-up appointment for his June 1, 2012 stint procedure. Plaintiff states in this grievance that his doctor ordered a follow-up appointment two to four weeks after the stint was placed and at the time he filed the grievance, six weeks had passed. Defendant Pratt, Health Service Administrator, responded to OR-12-01031 on August 11, 2012 sating that OR-12-01031 had merit but was resolved because Plaintiff was taken to his follow-up appointment on July 31, 2012. Defendant Pratt explained that the follow-up appointment was scheduled when Plaintiff brought it to the administrations attention through the informal grievance process. Further, Defendant Pratt advises Plaintiff to contact Ms. Sellers through an inmate request form if "something like this happen[s] again" so it may be resolved sooner. Plaintiff did not appeal Defendant Pratt's response. ECF No. 1, p. 12.

  Plaintiff filed OR-13-00037 on January 15, 2013. Plaintiff complained that he was not taken to a follow-up appointment in December 2012 regarding a medical issue with his lungs. Defendant Pratt responded that Plaintiff's grievance was with merit but in the process of being resolved as an order for the consult was written and in the process of being approved and scheduled. ECF No. 1, p. 23. Plaintiff did not appeal Defendant Pratt's response to OR-13-00037.

  Defendants argue these grievances were not exhausted, therefore, any claims in Plaintiff's Complaint relating to these two grievances must be dismissed pursuant to the PLRA.

Plaintiff argues he had "rational" and "justifiable reasons" for not appealing OR-12-01031 and OR-13-00037. Plaintiff points out that Defendant Pratt resolved these grievances by scheduling the requested appointments. Thus, according to Plaintiff, he had no reason to appeal. Specifically, Plaintiff states "Given the fact that I won my grievances (OR 12-01031 and OR 13-00037), leaving me nothing to appeal . . . ." ECF No. 22, p. 4. Further Plaintiff states "[i]t is my sworn statement, herein, that I was satisfied with Grievance OR 12-01031 response . . . " ECF No. 24, p. 3. Plaintiff further argues these grievances were exhausted because there was nothing to appeal since he was satisfied with Defendant Pratt's response to each grievance and he received the requested actions in each case.

Additionally, Plaintiff argues that it is the policy of not scheduling follow-up appointments that he challenges here and he was unaware of this policy when he decided not to appeal these grievances. Plaintiff states he did not learn it was a policy of the ADC to not schedule follow-up appointments until he began discovery in this matter.

The record clearly indicates Plaintiff failed to appeal either OR-12-01031 or OR-12-00037. According to ADC grievance procedure an inmate's grievance is not complete until the appeal is complete. *See* Directive 12-16, IV., G., 6, ECF No. 19-1; Byers Declaration, ECF No. 19-1. Therefore, Plaintiff failed to exhaust his administrative remedies as to any claims related to OR-12-01031 or OR-12-00037, and such claims should be dismissed. *See* 42 U.S. C. § 1997e(a). *See also Jones v. Bock*, 549 U.S. 199, 219 (2007); *McAlphin v. Morgan*, 216 F.3d 680, 682 (8th Cir. 2000) (affirming the dismissal of the plaintiff's section 1983 claims because he failed to put forth evidence that he first exhausted his administrative remedies pursuant to section 1997(e)).

Further, Plaintiff's argument that OR-12-01031 and OR-12-00037 are exhausted because he

6

was satisfied with the response and had no reason to appeal is unconvincing.  If Plaintiff was satisfied with the administrative response to his grievances there would be no need to seek redress through this lawsuit.

Lastly, Plaintiff argues that he was unaware of any policy or custom of not scheduling follow-up appointments at the time he filed or failed to appeal OR-12-01031 and OR-12-00037, and it is this policy or custom that he challenges in this case.  Plaintiff further argues that this lack of knowledge is an excuse for his failure to appeal OR-12-01031 and OR-12-00037.  First, an inmates subjective belief that a grievance is exhausted when in fact it is not is not a valid excuse for failing to exhaust pursuant to the prisons grievance policy.  The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures.  *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 347 F.3d 736 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687 (2001)). Neither of these exceptions apply to Plaintiff's situation.  Secondly, if Plaintiff was unaware of this alleged policy or custom when he filed OR-12-01031 and OR-12-00037 he could not have possibly grieved this issue in these grievances.  Therefore, even if Plaintiff had properly exhausted OR-12-01031 and OR-12-00037 they do not contain the policy and custom claims Plaintiff asserts in this case.

Accordingly, I recommend Plaintiff's claims related to his follow-up visits and any unconstitutional policy or custom regarding follow-up visits be dismissed without prejudice for failure to exhaust pursuant to the PLRA.

B.      OR-12-01213 and OR-12-1389

The record indicates Plaintiff filed grievance OR-12-01213 on August 30, 2012 complaining about not receiving his nitroglycerine prescription. Plaintiff states in this grievance:

> I asked pill call nurse last nite if my 'NITRO' had arrived yet. Answer: NO. He looked on Computer and told me it had been ordered 10 days ago. In fact; after an Emergency Walk-in at Day Clinic on 7-19-12 due to chest pains, an EKG was done and MR. JONES SAID HE WAS REFERRING ME back to Cardiologist and ordering more NITRO. NITRO was ordered on 7-23-12 & when I told him I was having problems getting NITRO, he wrote another prescription for nitro. It has now been 35 days since the initial order was placed, and it has been ordered twice subsequent to the first order. Subsequent to the 7-31-12 appt. with the Cardiologist, I had 2 stints placed in my heart. I need to keep NITRO on me at all times.

ECF No. 1, p. 13. Defendant Pratt responded to OR-12-01213 stating the grievance had merit but was resolved because Plaintiff received his "Nitro" on September 3, 2012. Defendant Pratt apologized for the delay and advised Plaintiff to "drop a refill request to the attention of Ms. Robbins" when he is low. ECF No. 1, p. 15. Plaintiff appealed this response from Defendant Pratt on September 12, 2012. In his appeal Plaintiff stated he did not believe the grievance was resolved because a better policy needed to be created to insure inmates get necessary medicines in a timely manner. ECF No. 1, p. 15. Plaintiff's appeal was answered by Wendy Kelly on October 29, 2012 and determined to be with merit:

> You are correct, a procedure needs to ensure that inmates get their medications in a timely manner. There is a procedure; however, it appears it was not followed in this instance. According to your medical record, on July 23, 2012, Nurse West submitted an order for your Nitro; however, the pharmacy reported that it was not filled because it was not consistent with the manner in which the drug is to be administered. Your medication was ordered 4 more times by the nurse without clarifying with the pharmacy why they had not send the medication. You signed for your informal on August 29 where it was noted that you had been issued Nitro; and your electronic record noted you were issued it from stock on September 3; there is no indication that you have been issued any since September 3 nor is there any indication that you have requested an additional supply. My staff spoke with the pharmacy regarding the order and the pharmacy advised that a new order needed to be placed. That information was shared with the medical staff at your unit. Today, I requested a corrective action plan from the medical staff at your unit. Due to your unit medical department not contacting the pharmacy to determine why your Nitro was not sent, your appeal is with merit.

8

ECF No. 1, p. 17.

Plaintiff filed grievance OR-12-01389 on October 22, 2012 complaining of pain in his leg and being prescribed Tylenol for it even though the pain was diagnosed as circulation problems earlier in the year. Plaintiff names "Dr. Dhramsy" and "Ms. Robinson" in this grievance. ECF No. 1, p. 18. Defendant Pratt responded that Plaintiff's grievance was without merit and explained Plaintiff's other health issues would be addressed once the cardiologist cleared him. ECF No. 1, p. 20. Plaintiff appealed Defendant Pratt's response. ECF No. 1, p. 20. Wendy Kelly responded to OR-12-01389 stating that Plaintiff's appeal was without merit. Specifically, she found that Ms. Robinson followed protocol and also that the medical providers are addressing Plaintiff's medical conditions. ECF No. 1, p. 22.

Defendants concede that OR-12-01213 and OR-12-01389 were exhausted, however, they argue that Plaintiff failed to name any of the Defendants in these two grievances, thus, he failed to exhaust any claims against Defendants.

Plaintiff argues that even though OR-12-01213 and OR-12-01389 were procedurally flawed (by failing to name Defendants), each was decided on its merits thus exhausting his administrative remedies. Plaintiff relies on *Hammett v. Cofield* and *Bower v. Kelley* for this contention.[2] Further, Plaintiff argues that he did not name Defendants in his grievances because he was not aware of who was responsible for the grieved actions at the time he filed OR-12-01213 and OR-12-01389. Finally, Plaintiff argues ADC officials were provided adequate notice and opportunity to address his grievances on the merits and provide corrective actions.

---

[2] Plaintiff also cites to multiple cases from outside the Eighth Circuit to support his contention. The Court notes there are Eighth Circuit cases addressing the issues presented here, therefore, the Court will not rely on contrary case law from outside this Circuit.

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

In *Hammett v. Cofield*, 681 F.3d 945 (8th Cir. 2012), the Eighth Circuit Court of Appeals declined to dismiss the plaintiff's claims for failure to exhaust because the prison considered his claims on the merits even though the grievances were filed out of time. Particularly, the Court of Appeals considered "whether a grievance form that could have been denied for failure to comply with a procedural requirement is nonetheless exhausted for PLRA purposes if the institutional decision-maker instead denied it on its merits." *Id.* at 947. The Court of Appeals joined all other circuits that had addressed the issue and ruled that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." It noted that all the benefits of the exhaustion requirement, including allowing prisons to address complaints first, reducing litigation to the extent complaints are resolved, and preparing a useful record for litigation, are "fully realized when an inmate pursues the prison grievance process to its final stage and received an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies." *Id.; see also Reed-Bey v. Pramstaller,* 603 F.3d 322 (6th Cir. 2010) (requirement that inmate name all defendants in a grievance procedure does not

10

preclude exhaustion when the decision-maker does not enforce its own rules).

The most recent decision issued by the Court of Appeals on this issue is *Champion v. Akins,* 498 Fed.Appx 670 (8th Cir. 2013) (affirmed the district court's grant of defendants' motion for summary judgment for failure to exhaust) (unpublished opinion).[3] In *Champion* the district court found Plaintiff failed to exhaust his administrative remedies as to his claims against the wardens because he did not state in any of his exhausted grievances how the wardens were involved in the grieved incidents. The Court of Appeals noted that even though the wardens read Plaintiff's grievances, Plaintiff had not made any grievances against the wardens in his exhausted grievances. *Id.*

One year prior to *Champion* the Court of Appeals declined to affirm a district court's similar decision granting a motion to dismiss. *See Bower v. Kelley,* 494 Fed.Appx 718 (8th Cir. 2012) (reversing the district court's grant of summary judgment for failure to exhaust). In *Bower,* the Court of Appeals rejected the defendants argument that the claims against them were rightly dismissed because the plaintiff failed to name them specifically in any exhausted grievances. The Court of Appeals cited to *Hammett* as support for its decision in *Bower* with no further analysis. *Id.* Interestingly, the *Champion* decision makes no mention of the *Bower* decision.

Convoluting matters further is *Ferrell v. Norris,* 441 Fed.Appx. 399 (8th Cir. 2011) (affirming the district court's dismissal of defendants for failure to exhaust because the plaintiff failed to specifically name the defendants in his grievances) (unpublished opinion) and *Adams v.*

---

[3] The Court notes that the unpublished Court of Appeals cases cited herein are cited pursuant to Rule 32.1A of the United States Court of Appeals for the Eight Circuit Local Rules. Pursuant to Rule 32.1A, the Court notes these opinions were issued after January 1, 2007, are persuasive to the issue presented here, and there are no published opinions on the distinct issue presented here.

*Hobbs,* 402 Fed.Appx. 157 (8th Cir. 2010) (affirming the district court's dismissal of defendants for failure to exhaust because the plaintiff failed to specifically name the defendants in his grievances) (unpublished opinion). Both of these decisions were issued prior to *Bower,* but the holdings are in line with the *Champion* decision. *Bower* does not reference *Ferrell* or *Adams.*

Accordingly, it appears *Bower* stands alone and the trend in this Circuit is to require a *pro se* prisoner plaintiff to specifically name in his grievances those which he asserts grievances against if the prison procedure so requires.

Further, the Eastern District of Arkansas recently issued an opinion with facts similar to those presented here. *See Waller v. Kelley,* 956 F.Supp.2d 1007, 1013 (E.D. Ark. July 9, 2013). In *Waller*, the district court interpreted *Hammett* to state only a narrow exception to the PLRA exhaustion requirement:

> Hammett only applies in cases where prison officials overlook or ignore procedural flaws in a prisoner's grievances (which otherwise would have allowed them to deny the grievances) and reach and decide the merits of the specific claims asserted against specifically named individuals. In such cases, when a prisoner later files a § 1983 action that asserts the same claims against the same named individuals, any procedural defects in the grievance can not be used by a defendant to support a failure to exhaust argument.

*Waller*, 956 F.Supp.2d at 1013. In light of the Court of Appeals decisions, the Court agrees with this interpretation.

Here, as in *Waller*, Plaintiff fully exhausted at least some grievances but did not name Defendants in the exhausted grievances. Therefore, because Plaintiff failed to list Defendants in his exhausted grievances or to file any grievances against them, the ADC was not put on notice of the claims Plaintiff asserts against Defendants in this lawsuit, and the ADC was unable to address and correct any such problems as required by the PLRA. *See Jones,* 549 U.S. at 219 (the PLRA's purpose is to allow "a prison to address complaints about the program it administers before being

subjected to suit"). This is distinguishable from *Hammett* where the plaintiff's grievances were filed late but the prison nevertheless accepted and considered the grievances on the merits against the specific defendants. *Hammett*, 681 F.3d 945 (8th Cir. 2012). In *Hammett,* the prison was afforded an opportunity to consider and correct the grievances first. *Id.* Here no such opportunity was provided to the ADC regarding Plaintiff's claims against Defendants because Plaintiff did not specifically allege any grievances against Defendants in OR-12-01213 and OR-12-01389.

Further, Plaintiff's arguments that OR-12-01213 and OR-12-01389 were procedurally flawed but decided on the merits misconstrues the facts here. OR-12-01213 and OR-12-01389 were not procedurally flawed. Instead, they were not grievances against the defendants named in this case because Defendants were not listed in the grievances.

Lastly, Plaintiff's argument that Defendants were on notice of Plaintiff's claims is unconvincing. The PLRA requires Plaintiff to first give the ADC the opportunity to address and correct his grievances, in compliance with the prison's grievance procedures. *Jones,* 549 U.S. at 219. The ADC policy requires grievances to specifically list the personnel involved in the grievance. Directive 12-16, ECF No. 19-1. Directive 12-16 does not impose a duty on the ADC to determine all of the ADC personnel a particular grievance may implicate. The asserted notice does not satisfy the ADC grievance procedure as outlined in Directive 12-16, therefore, it fails to satisfy the exhaustion requirements of the PLRA.

Accordingly, Plaintiff has failed to properly exhaust his claims against Defendants pursuant to the PLRA, and all of Plaintiff's claims against Defendants should be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion for Summary Judgment (ECF

No. 17) be **GRANTED** and Plaintiff's Complaint be dismissed without prejudice pursuant to the PLRA.  42 U.S. C. § 1997e(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 13th day of August 2014.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE