IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DALE E. BRYANT                                                    PLAINTIFF

v.                          Case no. 13-6022

CORIZON, INC.; MR. PRATT;
and DR. GREGORY McKINNEY                                         DEFENDANTS

**ORDER**

Now on this 30th day of September, 2014, there comes on for consideration the Report and Recommendation (Doc. 33) filed by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, in regard to a Motion for Summary Judgment (Doc. 17) filed by Defendants. Also before the Court are Plaintiff's objections (Doc. 37).

The Court has reviewed this case *de novo*. The Magistrate recommends that Defendants' Motion for Summary Judgment be granted and Plaintiff's Complaint dismissed. Defendants moved for summary judgment on the basis that Plaintiff has not exhausted his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Plaintiff's claims are based on denial of adequate medical care while incarcerated. He attached four grievances to his Complaint: OR-12-01031 (No. 1031), OR-12-01213 (No. 1213), OR-12-01389 (No.

1389), and OR-13-00037 (No. 0037). The Magistrate found that Nos. 1031 and 0037 have not been exhausted because Plaintiff did not file an appeal on the administrative level, and Plaintiff objects. The Court finds Plaintiff's objections to this finding without merit, and adopts the Magistrate's findings and reasoning with respect to the claims arising out of these grievances.

With respect to the claims arising out of Nos. 1213 and 1389, the Magistrate found that although these grievances have been exhausted, they have not been exhausted as to Defendants because Defendants were not specifically identified, as required by the Arkansas Department of Corrections (ADC) grievance policy. Plaintiff objects, arguing that the failure to name Defendants was a procedural flaw that does not prevent exhaustion because the ADC considered his appeal on the merits anyway. The Court adopts the Magistrate's finding but departs slightly from the reasoning of the Magistrate in light of recent Eighth Circuit case law. *See Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014) (clarifying that when determining whether a § 1983 claim is exhausted for PLRA purposes, the key is whether the claim at issue and the defendant at issue were actually considered by prison officials during the grievance process). After a thorough review of the administrative record, the Court finds that the failure to name Defendants in No. 1213 and No.

1389 was not a mere procedural flaw, given that there were no allegations as to how any of Defendants were involved. The Court further finds that the specific claims asserted in the Complaint were not evaluated by the ADC during the grievance process for any of the grievances attached to the Complaint.

Therefore, the Court, being well and sufficiently advised, finds that the Report and Recommendation (Doc. 33) is ADOPTED, with the exception of the difference in reasoning set forth above. For the reasons stated herein and in the Report and Recommendation, IT IS ORDERED that Defendants' Motion for Summary Judgment (Doc. 17) is GRANTED, and Plaintiff's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge